UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY McCRORY,

    Plaintiff,

v.                                    Case No. 12-11007

TIM BOELOW, et al.,

    Defendants.
                                  /

**OPINION AND ORDER DISMISSING COMPLAINT
UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b) AND
TERMINATING AS MOOT PLAINTIFF'S PENDING MOTIONS**

    Pending before the court is Plaintiff Anthony McCrory's pro se civil rights complaint for monetary and injunctive relief, filed under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. After careful consideration, the court must dismiss this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim on which relief can be granted.

**I. BACKGROUND**

    Plaintiff is currently incarcerated at the St. Clair County Intervention Center in Port Huron, Michigan, where he awaits trial on a charge of aggravated stalking. In his complaint, Plaintiff claims that he is innocent of aggravated stalking, and he is being maliciously prosecuted for exercising his First Amendment rights. He therefore asks the court to intervene in his state-court criminal action and dismiss the charges against him.

## II.  STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court is required to dismiss a civil complaint filed by a prisoner seeking redress against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570.  A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).      Dismissal of a complaint under § 1915(e)(2) for failure to state a claim on which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Moreover, a pro se civil rights complaint is to be construed liberally.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

## II.  DISCUSSION

Plaintiff challenges his pre-trial incarceration, and a judgment in Plaintiff's favor would necessarily imply the invalidity of his continued confinement.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487.  This holding applies with equal force to a civil rights action filed by a pretrial detainee.  *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)).

Because a judgment in favor of Plaintiff would imply the invalidity of his detention and his pretrial custody has not been declared invalid, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Rather, Plaintiff's claims would be more appropriately presented in a petition for a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973).  The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted.  *See Parker v. Phillips*, 27 F. Appx. 491, 494 (6th Cir. 2001) (citing *Preiser*, 411 U.S. at 489-90).

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE[1] pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The court also concludes that an appeal from this order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

IT IS FURTHER ORDERED that Plaintiff's pending motions [Dkt. ## 8, 9, 11, 13, 14] and application for appointment of counsel [Dkt. # 16] are TERMINATED AS MOOT.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223-24 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

S:\Cleland\JUDGE'S DESK\C2 ORDERS\12-11007.MCCRORY.Dismiss1915.mbc.set.2.wpd